UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ISMAEL G.H., | Case No. 26-CV-52 (NEB/DTS) |
| Petitioner, | |
| v. | ORDER ON WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, and JOEL BROTT, Sheriff of Sherburne County, | |
| Respondents. | |

This matter is before the Court on petitioner Ismael G.H.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Ismael G.H. is a citizen of Mexico. (*Id.* ¶ 13.) Three years ago, he entered the United States without inspection. (*Id.* ¶ 13.) He has no criminal record or history of violence. (*Id.* ¶ 16.)

On December 26, 2025, Ismael was grocery shopping for his wife and infant. (*Id.* ¶ 17.) In the parking lot, Immigration and Customs Enforcement—without a warrant, badge, uniform, or any identifying information—took Ismael G.H. into custody. (*Id.* ¶

17.) Afterwards, Ismael G.H. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Ismael G.H. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those others, Ismael G.H. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country three years ago, Ismael G.H. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that he is entitled to a bond hearing and that his detention under Section 1225(b)(2) violates the Fifth Amendment and the INA.

The Court has already concluded that petitioners similarly situated to Ismael G.H. are entitled to a bond hearing under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Ismael G.H. while he was entering the United States. Instead, he was detained while "already in the country

pending the outcome of removal proceedings." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Ismael G.H.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint. (ECF No. 6 at 3–5.[1]) The Court is not persuaded by the minority viewpoint,

---

[1] All page citations to the record reference ECF pagination.

including the additional cases cited by Respondents; it has already considered and rejected those arguments in *R.E.*[2]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Ismael G.H. requests immediate release, while Respondents assert that a bond hearing would be the proper remedy. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, as required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB)(January 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Ismael G.H. asserts that his arrest was warrantless. (Pet. ¶ 17.) The Court ordered Respondents to produce evidence to "establish the lawfulness and correct duration of [Ismael G.H.'s] in light of issues raised by the habeas petition." Respondents did not submit a warrant to support Ismael G.H.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Ismael G.H.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No.

---

[2] The Court notes that Respondents' arguments to the contrary are preserved for appeal. (*See* ECF No. 6 at 3.)

9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court will therefore order the immediate release of Ismael G.H.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Ismael G.H.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Ismael G.H. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b. ORDERS that Respondents must release petitioner from custody in Minnesota immediately;

    c. ORDERS that, within five days, the Respondent shall file notice on the docket confirming that release within Minnesota has occurred; and

    d. ENJOINS Respondents from removing, transferring, or facilitating the removal of Petitioner from the District of Minnesota prior to Compliance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: January 16, 2026                BY THE COURT:

                                                            s/Nancy E. Brasel
                                                            Nancy E. Brasel
                                                            United States District Judge